JORDAN, Circuit Judge,
concurring.
I join the court’s opinion, and add the following thoughts.
First, the regulation setting forth the requirements for pre-suit notice — 40 C.F.R. § 135.8(a) — does not require that the notice detail the “specific standard, limitation, or order alleged to have been violated.” It only requires “sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated.” The Mroseks’ notice satisfied this standard. As explained by cases like Ecological Rights Foundation v. Pacific Gas and Electric Co., 713 F.3d 502, 518-19 (9th Cir.2013), Paolino v. JF Realty, LLC, 710 F.3d 31, 36-38 (1st Cir.2013), and Atl. States Legal Found., Inc. v. Stroh Die Casting Co., 116 F.3d 814, 819-20 (7th Cir.1997), the notice need only put the defendant in a position to remedy the violations alleged. See also Nat’l Parks and Conservation Ass’n v. Tenn. Valley Authority, 502 F.3d 1316, 1329 (11th Cir.2007).
Second, the pre-suit notice requirement does not require that the person complaining demonstrate to a factual or legal certainty that he will prevail. Success on the merits is something that can only be decided by a federal court after a lawsuit has been filed.